PHELPS v. BOSTWICK.

The plaintiff deposited money with the defendant, taking a receipt which declared that the sum was to be indorsed on a certain contract for the sale of land, by the defendant to a third party, whenever the plaintiff should present an assignment to him of such contract: *Held*, that the receipt transferred no interest in the land or the contract, and showed no agreement by the plaintiff to procure any such interest; and that he could therefore recover the deposit upon demand.

APPEAL from the Supreme Court. On the trial, these facts appeared: On the 29th of June, 1854, the plaintiff left, or deposited, with the defendant, the sum of $200, and took from him a receipt, in these words: "Received, Corning, June 29, 1854, of John C. Phelps, two hundred dollars, which is to be indorsed on contract No. 454, given by Corning and Fellows to Dexter Davis, for the south halves of lots 9 and 10 in block 48 in the village of Corning, *whenever said contract is presented to me by said Phelps, duly assigned to him.*" Corning, Fellows, the defendant Bostwick, and others, had jointly owned lands in Corning. The south halves of lots 9 and 10, in block 48, had been sold to one Dexter Davis, and the usual contract given to him, by which, on payment by him, or his assigns, of the contract price of the lands, he was to receive a deed

therefor. On the 1st of March, 1854, a partition deed was executed between Corning, Fellows, the defendant, and the other owners, by which the lands contracted to be sold to Davis were partitioned and set off to the defendant, and the contract with Davis assigned to him. At that time there was due on the contract with Davis, the sum of $656.32. The contract was held by Davis, as one of the trustees of a church, for the benefit of the church. At the time the $200 was received by the defendant, the plaintiff contemplated the purchase of the Davis contract, and thus becoming the owner of the lands covered by it, provided he could get it. Such assignment of the contract was the one contemplated and alluded to in the receipt. The plaintiff never got the contract or the assignment.

The court, under exceptions by the defendant, refused to charge that he was not liable to refund the money until a refusal had been shown by him to indorse the sum upon the contract mentioned in the receipt, or until notice to him had been shown of the plaintiff's inability or omission to procure an assignment thereof. The plaintiff proved a simple demand of the money and a refusal. He had a verdict and judgment, which was affirmed at general term in the seventh district. The defendant appealed to this court.

*George T. Spencer*, for the appellant.

*George B. Bradley*, for the respondent.

DAVIES, J. I am unable to see upon what ground the defendant can rightfully claim to retain the plaintiff's money, the contingency upon which he was to retain it, by the agreement of the parties, never having happened. The transaction is a plain and simple one, and is enshrouded in no mystery. It is clear that the plaintiff contemplated the procurement of an assignment of the contract. Upon the happening of that event, he would become the debtor of the defendant for the amount due on the contract. It is equally clear that he did not

intend to, and did not, in fact, become such debtor, unless he procured the assignment of the contract. He had no inducement, so far as the facts developed in this case show, to assume the payment of Davis's debt; and nothing has appeared to warrant the inference that he did assume it. The plaintiff, therefore, at the time he left this money with the defendant, was not his debtor in any manner whatever, and at no period since has he, in any sense, stood in that relation to him. This clearly appears from the acts and statements of the defendant himself. He stated, on one occasion, to the father of the plaintiff, who was his debtor upon a similar contract, that he had some money of the plaintiff, and that he, the plaintiff, wanted it, and the defendant wished to know if it could not be applied on the contract of the witness. The witness replied that he had nothing to do with the money, and could not make the turn. The conversation was in reference to this $200, and it is apparent that it must have been after the plaintiff failed to get the assignment of the contract, and after he had called on the defendant to return him the money placed in his hands with reference to that contingency. · We fail to see any agreement on the part of the plaintiff to procure such assignment, or any consideration which would support such an agreement, if made. The construction of the receipt, as given by the judge at the Circuit, is manifestly the correct one: that, by the terms of the receipt, the defendant does not assign any interest he has in the land or the contract, and the plaintiff does not agree to procure the contract; and he properly left it to the jury to find whether there was any further arrangement between the parties other than that which appears in the receipt. The jury, by their verdict, found there was not. We see no error in the charge of the circuit judge, or in his refusals to charge as requested; and the judgment in favor of the plaintiff should therefore be affirmed, with costs.

All the judges concurring,

Judgment affirmed.